BB:as

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6293** **CR-FERGUSON**

21 U.S.C. § 841(a)(1)
21 U.S.C. § 846
18 U.S.C. § 2

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA, )
          **Plaintiff,** )
v. )
     )
TROY BROWN, )
CLEMENTE ALEXIS, )
TRAVIS BRAYBOY, )
MARION MCCLEOD, )
JAMES ALCE, )
GARY WILLIAMS, )
DAMON WALTERS and )
CURTIS JONES, )
     )
        **Defendants.** )
_____ )



## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

From in or about March of 2000, and continuing through in or about July of 2000, the exact

dates being unknown to the Grand Jury, at Broward County, in the Southern District of Florida, and

elsewhere, the defendants,

**TROY BROWN,**
**CLEMENTE ALEXIS,**
**TRAVIS BRAYBOY,**

**DAMON WALTERS,**
**MARION MCCLEOD,**
**JAMES ALCE,**
**GARY WILLIAMS and**
**CURTIS JONES,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and with

persons known and unknown to the Grand Jury to possess with intent to distribute and to distribute

a Schedule II controlled substance, that is, in excess of five (5) grams of a mixture and substance

containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation

of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

Defendant **TROY BROWN** committed the above offense after a prior conviction for a

felony drug offense had become final.

Defendant **CLEMENTE ALEXIS** committed the above offense after a prior conviction for

a felony drug offense had become final.

Defendant **TRAVIS BRAYBOY** committed the above offense after a prior conviction for

a felony drug offense had become final.

Defendant **DAMON WALTERS** committed the above offense after a prior conviction for

a felony drug offense had become final.

Defendant **MARION MCCLEOD** committed the above offense after a prior conviction for

a felony drug offense had become final.

### COUNT TWO

On or about March 24, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### TRAVIS BRAYBOY,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **TRAVIS BRAYBOY** committed the above offense after a prior conviction for a felony drug offense had become final.

### COUNT THREE

On or about March 25, 2000, in Broward County, in the Southern District of Florida, the defendant,

### TROY BROWN,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **TROY BROWN** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT FOUR

On or about March 25, 2000, in Broward County, in the Southern District of Florida, the defendant,

### TRAVIS BRAYBOY,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **TRAVIS BRAYBOY** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT FIVE

On or about March 29, 2000, in Broward County, in the Southern District of Florida, the defendant,

### TROY BROWN,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2..

Defendant **TROY BROWN** committed the above offense after a prior conviction for a felony drug offense had become final.

4

## COUNT SIX

On or about March 31, 2000, in Broward County, in the Southern District of Florida, the

defendant,

### TRAVIS BRAYBOY,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II

controlled substance, that is, a mixture and substance containing a detectable amount of cocaine

base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2..

Defendant **TRAVIS BRAYBOY** committed the above offense after a prior conviction for

a felony drug offense had become final.

## COUNT SEVEN

On or about April 6, 2000, in Broward County, in the Southern District of Florida, the

defendants,

### MARION MCCLEOD
### and
### GARY WILLIAMS,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II

controlled substance, that is, a mixture and substance containing a detectable amount of cocaine

base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section

841(a)(1) and Title 18, United States Code, Section 2.

Defendant **MARION MCCLEOD** committed the above offense after a prior conviction for

a felony drug offense had become final.

## COUNT EIGHT

On or about April 17, 2000, in Broward County, in the Southern District of Florida, the defendant,

### CLEMENTE ALEXIS,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2..

Defendant **CLEMENTE ALEXIS** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT NINE

On or about April 21, 2000, in Broward County, in the Southern District of Florida, the defendant,

### DAMON WALTERS,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2..

Defendant **DAMON WALTERS** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT TEN

On or about May 4, 2000, in Broward County, in the Southern District of Florida, the defendants,

**GARY WILLIAMS
and
CURTIS JONES,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT ELEVEN

On or about May 10, 2000, in Broward County, in the Southern District of Florida, the defendant,

**DAMON WALTERS,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **DAMON WALTERS** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT TWELVE

On or about May 10, 2000, in Broward County, in the Southern District of Florida, the defendant,

**CLEMENTE ALEXIS,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **CLEMENTE ALEXIS** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT THIRTEEN

On or about May 11, 2000, in Broward County, in the Southern District of Florida, the defendant,

**MARION MCCLEOD,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **MARION MCCLEOD** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT FOURTEEN

On or about May 17, 2000, in Broward County, in the Southern District of Florida, the defendant,

**MARION MCCLEOD,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II

controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **MARION MCCLEOD** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT FIFTEEN

On or about May 17, 2000, in Broward County, in the Southern District of Florida, the defendants,

**TROY BROWN**
**and**
**MARION MCCLEOD,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **TROY BROWN** committed the above offense after a prior conviction for a felony drug offense had become final.

Defendant **MARION MCCLEOD** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT SIXTEEN

On or about May 19, 2000, in Broward County, in the Southern District of Florida, the defendant,

**GARY WILLIAMS,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

**COUNT SEVENTEEN**

On or about June 15, 2000, in Broward County, in the Southern District of Florida, the defendants,

**TROY BROWN**
**and**
**CLEMENTE ALEXIS,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **TROY BROWN** committed the above offense after a prior conviction for a felony drug offense had become final.

Defendant **CLEMENTE ALEXIS** committed the above offense after a prior conviction for a felony drug offense had become final.

**COUNT EIGHTEEN**

On or about June 22, 2000, in Broward County, in the Southern District of Florida, the defendants,

**TROY BROWN**
**and**
**CLEMENTE ALEXIS,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **TROY BROWN** committed the above offense after a prior conviction for a felony drug offense had become final.

Defendant **CLEMENTE ALEXIS** committed the above offense after a prior conviction for a felony drug offense had become final.

**COUNT NINETEEN**

On or about July 12, 2000, in Broward County, in the Southern District of Florida, the defendants,

**TROY BROWN**
**and**
**CLEMENTE ALEXIS,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **TROY BROWN** committed the above offense after a prior conviction for a felony drug offense had become final.

Defendant **CLEMENTE ALEXIS** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT TWENTY

On or about July 26, 2000, in Broward County, in the Southern District of Florida, the defendants,

**TROY BROWN**
**and**
**CLEMENTE ALEXIS,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

Defendant **TROY BROWN** committed the above offense after a prior conviction for a felony drug offense had become final.

Defendant **CLEMENTE ALEXIS** committed the above offense after a prior conviction for a felony drug offense had become final.

## COUNT TWENTY-ONE

On or about July 28, 2000, in Broward County, in the Southern District of Florida, the defendants,

**TROY BROWN**
**and**
**JAMES ALCE,**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine ", in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

12

Defendant **TROY BROWN** committed the above offense after a prior conviction for a felony drug offense had become final.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

BRUCE O. BROWN
ASSISTANT UNITED STATES ATTORNEY

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**

**CASE NO.** _____

**v.**

**TROY BROWN, ET AL.**

**CERTIFICATE OF TRIAL ATTORNEY***

_____

**Court Division:** (Select One)

___ Miami   ___ Key West
_X_ FTL  ___ WPB ___ FTP

**Superseding Case Information:**
New Defendant(s)        Yes ___    No ___
Number of New Defendants        ___
Total number of counts        ___

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:        (Yes or No) _NO_____
     List language and/or dialect   ____English_____

4.   This case will take __8__  days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | | _____ |
| II | 6 to 10 days | _X_ | Minor | | _____ |
| III | 11 to 20 days | _____ | Misdem. | | _____ |
| IV | 21 to 60 days | _____ | Felony | | _X_ |
| V | 61 days and over | _____ | | | |

6.   Has this case been previously filed in this District Court?  (Yes or No) _No_
If yes:
Judge: _____   Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?(Yes or No) _____No_____
If yes:
Magistrate Case No.   _____
Related Miscellaneous numbers:_____
Defendant(s) in federal custody as of_____
Defendant(s) in state custody as of _____
Rule 20 from the_____   District of _____

Is this a potential death penalty case? (Yes or No) _____No_____

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _X_ No If yes, was it pending in the Central Region? _ ____ Yes____ No

8.   Did this case originate in the Narcotics Section, Miami? __ Yes _X_ No

_____
BRUCE O. BROWN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 999490

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name: <u>TROY BROWN</u>                    No.:_____

Count # 1:

<u>Conspiracy to possess with intent to distribute and distribute in excess of 5 grams of</u>

<u>cocaine base; in violation of 21 U.S.C. § 846</u>

_____

<u>*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine</u>

Counts # 3, 5, 15, 17, 18, 19, 20 and 21:

<u>Possession with intent to distribute and distribution of cocaine base;</u>

<u>in violation of  21 U.S.C. § 841 (a)(1)</u>

_____

<u>*Max Penalty: 30 years' imprisonment; $2,000,000 Fine</u>

Count #:

_____

<u>*Max Penalty:</u>

Count #:

_____

<u>*Max Penalty:</u>

Count # :

_____

<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: CLEMENTE ALEXIS              No.:_____

Count # 1:

Conspiracy to possess with intent to distribute and distribute in excess of 5 grams of

cocaine base; in violation of 21 U.S.C. § 846

_____

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Counts # 8, 12, 17, 18, 19 and 20:

Possession with intent to distribute and distribution of cocaine base;

in violation of  21 U.S.C. § 841 (a)(1)

_____

*Max Penalty: 30 years' imprisonment; $2,000,000 Fine

Count #:

_____

_____

*Max Penalty:

Count #:

_____

_____

*Max Penalty:

Count # :

_____

_____

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name: <u>TRAVIS BRAYBOY</u>            No.:_____

Count # 1:

<u>Conspiracy to possess with intent to distribute and distribute in excess of 5 grams of</u>

<u>cocaine base; in violation of 21 U.S.C. § 846</u>

_____

<u>*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine</u>

Counts # 2, 4 and 6:

<u>Possession with intent to distribute and distribution of cocaine base;</u>

<u>in violation of  21 U.S.C. § 841 (a)(1)</u>

_____

<u>*Max Penalty: 30 years' imprisonment; $2,000,000 Fine</u>

Count #:

_____

_____

<u>*Max Penalty:</u>

Count #:

_____

_____

<u>*Max Penalty:</u>

Count # :

_____

_____

<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name: MARION MC CLEOD              No.:_____

Count # 1:

Conspiracy to possess with intent to distribute and distribute in excess of 5 grams of

cocaine base; in violation of 21 U.S.C. § 846

_____

*Max Penalty: 10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Counts # 7, 13, 14 and 15:

Possession with intent to distribute and distribution of cocaine base;

in violation of  21 U.S.C. § 841 (a)(1)

_____

*Max Penalty: 30 years' imprisonment; $2,000,000 Fine

Count #:

_____

_____

*Max Penalty:

Count #:

_____

_____

*Max Penalty:

Count # :

_____

_____

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: JAMES ALCE                    No.:_____

Count # 1:

Conspiracy to possess with intent to distribute and distribute in excess of 5 grams of

cocaine base; in violation of 21 U.S.C. § 846

_____

*Max Penalty:5 years' mandatory minimum and 40 years' imprisonment; $2,000,000 Fine

Count # 21:

Possession with intent to distribute and distribution of cocaine base;

in violation of  21 U.S.C. § 841 (a)(1)

_____

*Max Penalty: 20 years' imprisonment; $1,000,000 Fine

Count #:

_____

_____

*Max Penalty:

Count #:

_____

_____

*Max Penalty:

Count # :

_____

_____

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name: GARY WILLIAMS                No.:_____

Count # 1:

Conspiracy to possess with intent to distribute and distribute in excess of 5 grams of

cocaine base; in violation of 21 U.S.C. § 846

_____

<u>*Max Penalty:5 years' mandatory minimum and 40 years' imprisonment; $2,000,000 Fine</u>

Counts # 7, 10, and 16:

Possession with intent to distribute and distribution of cocaine base;

in violation of  21 U.S.C. § 841 (a)(1)

_____

<u>*Max Penalty: 20 years' imprisonment; $1,000,000 Fine</u>

Count #:

_____

_____

<u>*Max Penalty:</u>

Count #:

_____

_____

<u>*Max Penalty:</u>

Count # :

_____

_____

<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines,**
**restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name: DAMON WALTERS          No.:_____

Count # 1:

Conspiracy to possess with intent to distribute and distribute in excess of 5 grams of

cocaine base; in violation of 21 U.S.C. § 846

_____

*Max Penalty:10 years' mandatory minimum and Life Imprisonment; $4,000,000 Fine

Count # 9 and 11:

Possession with intent to distribute and distribution of cocaine base;

in violation of  21 U.S.C. § 841 (a)(1)

_____

*Max Penalty: 30 years' imprisonment; $2,000,000 Fine

Count #:

_____

_____

*Max Penalty:

Count #:

_____

_____

*Max Penalty:

Count # :

_____

_____

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines,**
**restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# <u>PENALTY SHEET</u>

Defendant's Name: <u>CURTIS JONES</u>          No.:_____

Count # 1:

<u>Conspiracy to possess with intent to distribute and distribute in excess of 5 grams of</u>

<u>cocaine base; in violation of 21 U.S.C. § 846</u>

<u>*Max Penalty:5 years' mandatory minimum and 40 years' imprisonment; $2,000,000 Fine</u>

Count # 10:

<u>Possession with intent to distribute and distribution of cocaine base;</u>

<u>in violation of  21 U.S.C. § 841 (a)(1)</u>

<u>*Max Penalty: 20 years' imprisonment; $1,000,000 Fine</u>

Count #:

<u>*Max Penalty:</u>

Count #:

<u>*Max Penalty:</u>

Count # :

<u>*Max Penalty:</u>

**\*Refers only to possible term of incarceration, does not include possible fines, ~~restitution, special assessments, parole terms or forfeitures that may be applicable.~~**

REV. 12/12/96