UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6293-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JAMES ALCE,

    Defendant.
_____/

**NIGHT BOX FILED**
AUG - 3 2001
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

### OBJECTIONS AND ADDENDUM TO PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, JAMES ALCE (hereinafter "ALCE"), by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Southern District of Florida and the Federal Rules of Criminal Procedure, and would hereby respectfully file these his Objections and Addendum to the Presentence Investigation Report created by United States Probation Officer Carolyn L. Darville and made available for disclosure on or about July 16, 2001. The Objections and Addendum to the Presentence Investigation Report are as follows:

1. The Defendant would object to paragraph 34, at page 13, of the Presentence Investigation Report, and state that ALCE should receive a two (2) level downward departure as a mitigating role adjustment based upon his minor role in the instant overall offense. United States Sentencing Guidelines, Section 3B1.2(b) (2001), states that:

> Based on the defendant's role in the offense, decrease the offense level as follows:



> If the defendant was a minor participant in any criminal activity, decrease by two (2) levels.

Application Note 3 states that:

> For purposes of Section 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but his role could not be described as minimal.

Clearly in the instant case, ALCE is less culpable than most other participants as it relates to this specific conspiracy. Thus, whether a downward adjustment is warranted is determined not only by comparing the acts of each participant in relation to the relevant conduct for which they are held accountable, but also by measuring each participant's individual acts and relative culpability against the elements of the offense. <u>United States v. Snoddy</u>, 139 F.3d 1224, 1228 (8th Cir. 1998), upholding a minor role adjustment for a "sole participant" in an offense where the "relevant conduct" involved other participants. The Defendant's conduct should not be compared to that of a hypothetical "average" participant, but rather to the conduct of the co-participants in the case at hand. <u>United States v. Benitez</u>, 34 F.3d 1489, 1498 (9th Cir. 1994), where the Ninth Circuit rejected the argument that the defendant's conduct must be compared to the "average" participant. See also, <u>United States v. Petti</u>, 973 F.2d 1441, 1447 (9th Cir. 1992). In requesting a mitigating role pursuant to United States Sentencing Guidelines, Section 3B1.2, the defendant has the burden to show by a preponderance of the evidence that his conduct was substantially less culpable than other participants. Clearly in the instant case, ALCE made a single sale pursuant to a request by another individual and that

was his only involvement in the total conspiracy. Additionally, ALCE is only being held accountable for a minimal amount of cocaine base. Therefore, ALCE should receive a two (2) level downward departure pursuant to United States Sentencing Guidelines, Section 3B1.2(b) (2001).

    2. The Defendant would respectfully request this Honorable Court to recommend to the United States Bureau of Prisons that ALCE be placed into the Shock Incarceration Program. The Court, pursuant to Title 18, United States Code, Section 3582(a) and Section 3621(b)(4), may recommend that a defendant who meets the criteria set forth in Title 18, United States Code, Section 4046, participate in a Shock Incarceration Program.

Section 4046 of Title 18, United States Code, provides:

> (a) The Bureau of Prisons may place in a Shock Incarceration Program any person who is sentenced to a term of more than 12, but not more than 30 months, if such person consents to that placement.
>
> (b) For such initial portion of the term of imprisonment as the Bureau of Prisons may determine, not to exceed six months, an inmate in the Shock Incarceration Program shall be required to
>
> (1) adhere to a highly regimented schedule that provides the strict discipline, physical training, hard labor, drill and ceremony characteristic of military basic training; and
>
> (2) participate in appropriate job training and educational programs (including literacy programs) and drug, alcohol, and other counseling programs.

The Bureau of Prisons has issued an Operations Memorandum (174-90) (5390) (November 20, 1990), that outlines eligibility

criteria and procedure for the implementation of this program which the Bureau of Prisons has titled "Intensive Confinement Program". Under these procedures, the Bureau will not place a defendant in an Intensive Confinement Program unless the sentencing Court has approved, either at the time of sentencing or upon consultation, after the Bureau has determined that the defendant is otherwise eligible.

WHEREFORE, undersigned counsel would respectfully request this Honorable Court to grant the instant Objections and Addendum to the Presentence Investigation Report.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed/hand-delivered this 6th day of August, 2001, to:

BRUCE BROWN, ESQUIRE
Assistant United States Attorney
500 East Broward Boulevard
Suite 700
Fort Lauderdale, Florida  33394

CAROLYN L. DARVILLE
United States Probation Officer
Room 315, United States Courthouse
300 N. E. First Avenue
Miami, Florida  33132-2126

                                  Respectfully submitted,

                                  DAVID J. JOFFE, P.A.
                                  Attorney for Defendant
                                  2900 Bridgeport Avenue
                                  Suite 401
                                  Coconut Grove, Florida  33133
                                  Telephone: (305) 446-5886
                                  Facsimile: (305) 446-5856

                                By_____
                                  DAVID J. JOFFE, ESQUIRE
                                  FLORIDA BAR NO. 0814164